UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

RONNY CROOK,

    Plaintiff,

v.                            Case No. 3:23cv24658-LC-HTC

L. THOMAS, et al.,

    Defendants.

_____/

REPORT AND RECOMMENDATION

Plaintiff Ronny Crook, proceeding *pro se*, initiated this action on October 20, 2023, by filing what purports to be a civil rights complaint under 42 U.S.C. § 1983. ECF Doc. 1. The complaint was not accompanied by a motion to proceed *in forma pauperis* or the $402.00 filing fee. After reviewing Plaintiff's complaint and litigation history, the undersigned recommends that this case be dismissed under 28 U.S.C. § 1915(g) because Plaintiff is barred from proceeding *in forma pauperis* and failed to pay the filing fee upon initiating this suit.

Title 28 U.S.C. § 1915(g) prohibits a prisoner from proceeding *in forma pauperis* under certain circumstances:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility,

>brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

A prisoner who is barred from proceeding *in forma pauperis* must pay the filing fee at the time he initiates his lawsuit, and his failure to do so warrants dismissal of his case without prejudice. *See Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the provisions of § 1915(g)" because the prisoner "must pay the filing fee at the time he initiates the suit"); *Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001) (stating that after three meritless suits, a prisoner must pay the full filing fee at the time he initiates suit). The only exception is if the prisoner alleges he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *see also Brown v. Johnson*, 387 F.3d 1344 (11th Cir. 2004).

Plaintiff's status as a three-striker has been acknowledged by multiple courts, including this one. *See Crook v. Keliy*, Case No. 3:19-cv-448-LC-EMT, ECF Doc. 10 (N.D. Fla. May 7, 2019) (recognizing Plaintiff is a three-striker and dismissing case pursuant to § 1915(g)); *Crook v. Jones*, Case No. 4:16-cv-752-RH-CAS, ECF Doc. 5 (N.D. Fla. Jan. 6, 2017) (same); *Crook v. Morrison*, 3:11-cv-1007-RBD-JBT, ECF Doc. 5 (M.D. Fla. Oct. 17, 2011) (same); *Crook v. Jowers*, Case No. 4:10-cv-48-SMP-AK, ECF Doc. 10 (N.D. Fla. Mar. 27, 2010) (same). Given these cases,

Plaintiff also knew that he could not proceed without (1) paying the filing fee or (2) showing he is under imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).

Plaintiff's complaint, however, does not make that showing. In fact, although Plaintiff used the Northern District's complaint form, much of the form is incomplete. For example, even though Plaintiff completed the Statement of Facts – *no facts are alleged*. Plaintiff also failed to identify any defendants in the Parties' section, and left the Statement of Claims, Jurisdiction, and Prisoner Status sections blank. Moreover, in the Relief section, Plaintiff merely identifies three cases. Plaintiff is barred from proceeding *in forma pauperis* and his complaint should be dismissed under § 1915(g) for failing to pay the filing fee with the initiation of this action. *See Dupree*, 284 F.3d at 1236.

Accordingly, it is RECOMMENDED:

1. That this case be DISMISSED WITHOUT PREJUDICE because Plaintiff is a three-striker who failed to pay the $402.00 filing fee.

2. That the clerk be directed to close the file.

At Pensacola, Florida, this 30th day of October, 2023.

*/s/ Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

Case No. 3:23cv24658-LC-HTC

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within **fourteen (14) days** of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u>  An objecting party must serve a copy of its objections upon all other parties.  A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1.